**SHALCHI LAW PC**
ALI SHALCHI (SBN 239164)
as@shalchilaw.com
120 Vantis Dr., Ste. 300
Aliso Viejo, California 92656
Telephone: (949) 284-5278

Attorneys for Plaintiff
NewWave Holdings LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NEWWAVE HOLDINGS, LLC, a Puerto Rico Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>ENCHANT TECH INC., a Montana corporation, d/b/a MUALANXIA,<br><br>Defendants. | Case No. 2:26-cv-5049<br><br>**COMPLAINT**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) FALSE DESIGNATION OF ORIGIN / TRADE DRESS INFRINGEMENT (Lanham Act §43(a)(1)(A));**<br>**(3) UNFAIR COMPETITION (Cal. B&P §17200)** |

Plaintiff NewWave Holdings LLC ("NEWWAVE" or "Plaintiff") states for its Complaint against Defendant Enchant Tech Inc., doing business as Mualanxia ("ENCHANT" or "Defendant"), the following allegations and Prayer for Relief:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement pursuant to 17 U.S.C. §101, trademark infringement pursuant to 15 U.S.C. §§ 1125, and related claims, based on Defendant's deliberate and repeated copying, of Plaintiff's products, artwork and designs, and imitation of its marks and product packaging, and the other wrongful acts of Defendant alleged

**COMPLAINT**

- 1 -

herein.

## THE PARTIES

2.     Plaintiff NEWWAVE HOLDINGS LLC is a limited liability company, organized and existing under the laws of the Puerto Rico, doing business in this judicial district.  Plaintiff markets and sells products to customers throughout California, including in this judicial district.

3.     On information and belief, Defendant Enchant Tech Inc., doing business as Mualanxia ("ENCHANT" or "Defendant"), is a Montana corporation having an address at 1001 South Main St, #4804, Kalispell, MT 59901, and does business in this judicial district including Orange County.  Defendant markets and sells products to customers throughout California, including in this judicial district.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331, 1337, and 1338 because the suit arises under the trademark laws of the United States, including 15 U.S.C. §§ 1125, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.  This Court has personal jurisdiction over Defendant because, inter alia, on information and belief, Defendant transacts business in the Central District of California.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for copyright and trade dress infringement, and unfair competition, occurred in this District.

5.     Plaintiff is informed and believes and on that basis alleges that Defendant has advertised, sold and/or distributed the infringing goods in this judicial district.

## GENERAL ALLEGATIONS

## BACKGROUND

6.     Plaintiff NEWWAVE is a leading seller of unique and creative board games. Plaintiff advertises and promotes its products in a niche national market, including in such venues as Amazon.com.  Plaintiff markets and sells products under the trademarked "The Uzzle" brand name on Amazon.com and maintains an Amazon storefront under the same name.

7.     Defendant has made little effort to differentiate their infringing products in the

COMPLAINT

- 2 -

marketplace from Plaintiff's products, but instead have demonstrated their intent to confuse customers and potential customers and others in the marketplace into thinking that Defendant's copies of Plaintiff's products and designs, which are inferior in quality, are identical to Plaintiff's higher quality products and designs. These competing products in many cases do not seem to incorporate any of Defendant's own identifying trademarks or have any of their own distinctive packaging that could potentially mitigate consumer confusion, and use of a plethora of confusing descriptive terms for Defendant's infringing products which do not provide any real brand identification. On information and belief, Defendant intends to continue its wrongful activities until and unless enjoined by this Court.

## PLAINTIFF'S INTELLECTUAL PROPERTY

8.    NEWWAVE is the owner of numerous registered U.S. Copyright on the design patterns on the blocks of it's "The Uzzle" board game (Registration Nos. VA0002425007, VA0002425352, VA0002424889 and TX0009317702) (the "Registered Copyrights").  See Exhibit 1.  These Registered Copyrights along with Plaintiff's associated copyrighted material (including photos, artwork, graphics, text, layout and overall look and feel) will be collectively referred herein as the "Copyrighted Designs."  The Uzzle is a popular matching puzzle game sold by Plaintiff through online platforms, including Amazon.com.  See Exhibit 2.

9.    NEWWAVE is also the owner of the trademark "The Uzzle" (U.S. Reg. No. 6794372) ("Trademark"), which it has continuously used in interstate commerce since at least July 4, 2021 to the present as a trademark in connection with "Board games; Puzzle games; Table-top games."  The trademark in "The Uzzle" symbolizes the business reputation and goodwill of Plaintiff, and is an intangible asset of substantial commercial value.

10.    Plaintiff's The Uzzle board game also features various trade dress (including product packaging and designs) that is distinct and associated with Plaintiff (referenced herein as Plaintiff's "Uzzle Trade Dress").  See Exhibit 3.   The "Uzzle Trade Dress" consists of the following distinctive, nonfunctional combination of design elements as used on Plaintiff's game box, listing images, and collateral:

(a) a dominant blue front-panel field covering the majority of the box face;

(b) a border of evenly spaced, rounded-corner square tiles running along the top and left edges of the front panel, each tile featuring a bright, high-saturation background color (including magenta, cyan/teal, green, orange, purple, red, and sky blue) with a contrasting ornamental black or white motif (stylized floral/arabesque/rosette shapes);

(c) a large horizontal name panel set within the blue field, with bold white sans-serif lettering and thick inline/outline effects creating a high-contrast, centered brand block;

(d) product depiction on the front showing multi-colored cubic blocks whose faces repeat the same tile colors and ornamental motifs, arranged to display the game's visual vocabulary;

(e) a challenge-card vignette in the lower portion, depicting rounded-corner cards that display 3×3 and 4×4 grids of the same colored tiles/motifs with a clean card border;

(f) a coordinated side-panel treatment repeating the blue field with vertical brand placement; and

(g) the overall layout and visual hierarchy combining the blue field, the tile border on two adjacent edges, the centered white name panel, and the coordinated block/card depictions.

These features are not essential to the use or purpose of a pattern-matching board game and do not affect cost or quality. The color palette, ornamental motifs, tile-border placement, and the specific arrangement/scale of the name block, blocks, and cards are arbitrary aesthetic choices among numerous feasible alternatives. The Uzzle Trade Dress has been used continuously since at least June 2021, promoted widely online (including Amazon), has achieved consumer recognition and secondary meaning, and has been intentionally copied by competitors, further evidencing distinctiveness and source-identifying significance.

11.   One of NEWWAVE's goals has been to build up strong trademark that customers can and will associate with its innovative quality products and stellar customer service, utilizing distinctive ornamental product designs to distinguish its products in the marketplace. In this

**COMPLAINT**

- 4 -

effort, NEWWAVE has in the past, and continues to the present, to create new designs with strong branding which have a unique style and look that is separate and distinct from that of any competitors for similar products. The design and overall appearance of NEWWAVE products is arbitrary and unusual, and significantly different from products sold by its competitors. These products deliberately incorporate many individual elements that are non-functional in nature and selected solely or primarily to distinguish NEWWAVE products in the marketplace. For example, NEWWAVE uses a distinctive product design, product descriptions and images, special fonts, color combinations, textures, shapes, and arrangements of individual elements, to identify its products and their look to consumers, and has been successful in this effort.

12. Plaintiff believes, based on factors such as feedback in its distribution channels like Amazon, that it has many repeat customers for its products. That is, customers who purchase NEWWAVE products such as The Uzzle are likely to purchase other products from Plaintiff. Similarly, customers who purchased Defendant's infringing products, perhaps in the belief that they were NEWWAVE products, are likely to purchase other of Defendant's products. As such, NEWWAVE has lost sales as a direct result of Defendant's infringement, not only for each infringing product purchase by Defendant's customers, but also indirectly due to Defendant's sales of related products to customers that have purchased the infringing products. Not only would Defendant generate such additional sales of their other products, making additional profits due to the initial infringement, but NEWWAVE would also lose sales of other products it would otherwise have sold to the same customer but for the initial infringing sale. Each sale of an infringing product by Defendant is thus likely to create additional lost sales for NEWWAVE.

**DEFENDANT'S INFRINGEMENT**

13. Board games sold by Defendant on Amazon, namely "Puzzle Matching Games, Block Puzzle Games, Visual Recognition Matching Board Game, Family Night Board Game to Develop Kids Problem Solving Skills" (hereinafter "Puzzle Matching Game" or the "Infringing Product"), are listed among the results on Amazon.com when a consumer searches for The

**COMPLAINT**

- 5 -

Uzzle board game, and thereby competing with, and presenting a likelihood of confusion, by misleading consumers into believing that Defendant's Puzzle Matching Game is affiliated with The Uzzle. *See* Exhibit 4. Moreover, the Puzzle Matching Game's designs, including its product packaging, blocks and challenge cards, are strikingly similar to Plaintiff's Copyrighted Designs and Uzzle Trade Dress, thereby creating consumer confusion that the two are affiliated. *See id.* The Defendant's product design and branding scheme is substantially similar copy of NEWWAVE's The Uzzle product, and clearly shows the intention of confusing consumers and benefiting from the success and recognition of The Uzzle product.

14.    By way of example, Defendant's Puzzle Matching Game packaging and listing imagery adopt a strikingly similar overall look to the Uzzle Trade Dress, including:

a) a blue-dominant front panel;

b) a two-edge border of square tiles along the top and left edges, using the same bright color palette and contrasting ornamental floral/rosette motifs;

c) front-face depictions of multi-colored cubic blocks bearing the same style of motif tiles on the faces;

d) challenge-card images showing grids of colored tiles with rounded corners and similar border styling; and

e) a large white sans-serif product title dominating the right side, producing an identical visual hierarchy (tile border → white title block → blocks/cards vignette). Viewed in its totality, Defendant's packaging creates the same commercial impression as The Uzzle: a blue field framed by a bright tile border, a bold white name block, and coordinated depictions of colorful motif-tiles on blocks and cards. This deliberate overall similarity is likely to cause confusion as to source, sponsorship, or affiliation, particularly in Amazon search results where the products appear side-by-side and consumers rely on quick visual cues.

15.    Plaintiff's Uzzle Trade Dress is arbitrary, nonfunctional, and distinctive, and has acquired distinctiveness for Plaintiff's games.

16.    Plaintiff's Uzzle Trade Dress has been extensively and continuously used by Plaintiff since at least June 29, 2021, is inherently distinctive, and/or has become distinctive

**COMPLAINT**

- 6 -

through the acquisition of "secondary meaning."

17. Plaintiff's Uzzle Trade Dress symbolizes the business reputation and goodwill of Plaintiff, and is an intangible asset of substantial commercial value.

18. Sales, advertising and promotion of The Uzzle products since inception have been substantial in Plaintiff's niche marketplace.

19. As a result of such continuous use and extensive sales, advertising and promotion of The Uzzle trademark by Plaintiff and its authorized dealers, licensees, and distributors, the trademark, and products associated with them enjoy recognition and notoriety in the United States in Plaintiff's niche marketplace, and are recognized by the consuming public as emanating from Plaintiff.

20. Upon information and belief, Defendant does not use distinctive or well-known company names or trademarks in their product identification, marketing and promotion of their products, particularly the infringing products. This practice increases the likelihood of confusion and the deception of purchasers and potential purchasers for the parties' products. Defendant in essence make no attempt to distinctively design and brand their products. Rather, Defendant instead purposely copied the designs of NEWWAVE products and omit branding from their items to increase the likelihood of confusion with Plaintiff's products in order to increase their sales. Thus, Defendant's lack of any distinctive packaging or branding increases the customer confusion associated with the infringing products.

## FIRST CAUSE OF ACTION

**(Copyright Infringement Under The Federal Copyright Act, 17 U.S.C. § 101 Et Seq.)**

21. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

22. Plaintiff is the author and creator of Copyrighted Designs associated with its The Uzzle product, packaging, and associated product listing images.

23. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. §101 et seq., and has secured the exclusive rights and privileges in and to the

Copyrighted Designs.

24.     Defendant had access to NEWWAVE's Copyrighted Designs, as established by, among other things, the availability of pictures of Plaintiff's products and marketing materials that are marketed and sold on Amazon.com.

25.     Defendant has infringed NEWWAVE's original and creative product designs, photographs, and product packaging and literature, including product descriptions/features by utilizing identical or substantially similar product designs, photographs, and product packaging and literature in the marketing and sales of their competing product to consumers, without Plaintiff's permission.  *See* Exhibits 1-2.

26.     Defendant's infringement of Plaintiff's Copyrighted Designs has been and continues to be intentional, willful and without regard to Plaintiff's rights.

27.     Upon information and belief, as a direct and proximate result of Defendant's activities, NEWWAVE has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, lost profits and diminution in the value of Plaintiff's business as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

28.     Upon information and belief, as a direct and proximate result of Defendant's activities, Defendant has made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

29.     Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. NEWWAVE has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

30.     By virtue of Defendant's infringement, Plaintiff is entitled to Defendant's profits, statutory damages and/or actual damages.  Plaintiff will elect whether or not to seek statutory

**COMPLAINT**

- 8 -

damages prior to final judgment. Plaintiff is also entitled to attorneys' fees by virtue of Defendant's knowing, intentional and willful infringement.

## SECOND CAUSE OF ACTION

### (Trade Dress Infringement under the Lanham Act §43(a)(1)(A))

31. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

32. Defendant's wrongful use of Plaintiff's copyrighted and trademarked material in in connection with its confusingly similar products falsely indicates to consumers that Defendant's services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services. This use is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

33. Defendant's actions, as set forth above, constitute trademark infringement of a non-federally registered mark and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein.

34. Upon information and belief, as a direct and proximate result of Defendant's actions in misappropriating NEWWAVE's Trade Dress, NEWWAVE has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost sales of Plaintiff's related products as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

35. Upon information and belief, as a direct and proximate result of Defendant's actions in misappropriating NEWWAVE Trade Dress, NEWWAVE will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined.

36. Upon information and belief, as a direct and proximate result of Defendant's actions in misappropriating NEWWAVE Trade Dress, Defendant has made gross sales (and

profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

37. Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. NEWWAVE has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

## THIRD CAUSE OF ACTION

### (Unfair Competition – California Business and Professions Code §17200)

38. Plaintiff repeats and incorporates by reference the statements and allegations in the above paragraphs as though fully set forth herein.

39. Defendant's wrongful use of the The Uzzle Trade Dress and Copyrighted Designs, falsely indicates to consumers that Defendant's services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

40. Defendant's wrongful use of the Trade Dress and Copyrighted Designs falsely indicates to consumers that Defendant's services originate from, are approved by, bare sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

41. Defendant's wrongful use of the above intellectual property in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

42. Upon information and belief, as a direct and proximate result of Defendant's actions in passing off of the Trademarks, NEWWAVE has suffered actual damages in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, and lost

**COMPLAINT**

sales of Plaintiff's related products as a result of Defendant's infringing activities, and subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint.

43.   Upon information and belief, as a direct and proximate result of Defendant's actions, Defendant has made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendant's wrongful acts, and/or as a measure of Plaintiff's damages.

44.   Defendant's acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. NEWWAVE has no adequate remedy at law. Accordingly, Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, offering for sale or selling the infringing products.

45.   Defendant's acts, as set forth above, constitute unfair competition and false advertising, and unfair and deceptive trade practices, as defined in California Business and Professions Code §§ 17200-17210, and §17500 et seq., all to the damage of Plaintiff as previously alleged.

**DAMAGES**

46.   Plaintiff repeats and incorporates by reference the statements and allegations in the preceding paragraphs of the Complaint as though fully set forth herein.

47.   As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered and will continue to suffer harm unless enjoined.

48.   Copyright (17 U.S.C. § 504): Plaintiff seeks (a) its actual damages, including lost sales, harm to goodwill, and price erosion; and (b) Defendant's profits attributable to the infringement, with the burden-shifting provided by § 504(b). In the alternative, Plaintiff may elect statutory damages under § 504(c) for each registered work, enhanced for willful infringement as permitted by law, together with costs and attorneys' fees under § 505.

49.   Lanham Act / Trade Dress (15 U.S.C. § 1117(a)): Plaintiff seeks (a) Defendant's profits; (b) actual damages, including the reasonable cost of corrective advertising; and (c) costs

of suit. Given the willful and deliberate nature of Defendant's conduct, Plaintiff further seeks enhancement of damages and/or profits as the Court deems just, and a finding that this is an exceptional case warranting attorneys' fees.

50. California UCL (Bus. & Prof. Code § 17200 et seq.): Plaintiff seeks restitution of monies wrongfully obtained from Plaintiff and consumers and such other equitable monetary relief as permitted by § 17203, in addition to injunctive relief pleaded elsewhere.

51. Plaintiff also seeks pre-judgment and post-judgment interest at the maximum rates permitted by law.

52. Defendant's acts were willful, intentional, and malicious, undertaken to trade on Plaintiff's reputation and goodwill; any uncertainty in the amount of monetary relief should be resolved against the wrongdoer and in favor of full compensation and disgorgement.

## ATTORNEYS' FEES

53. Plaintiff repeats and incorporates by reference the statements and allegations in the aforementioned paragraphs of the Complaint as though fully set forth herein.

54. This is an exceptional case, and one of deliberate infringement, such that Plaintiff is entitled to an award of attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor and against Defendant as follows:

(a) Injunctive Relief (Copyright & Lanham Act): A permanent injunction under 17 U.S.C. § 502 and 15 U.S.C. § 1116 enjoining Defendant, its officers, agents, employees, and those acting in concert with them from manufacturing, importing, distributing, advertising, offering for sale, or selling any products that infringe Plaintiff's copyrights or trade dress, or otherwise constitute false designation of origin or unfair competition.

(b) Impoundment/Destruction:  An order under 17 U.S.C. § 503 and 15 U.S.C. § 1118 requiring impoundment and destruction (or other disposition) of infringing goods, packaging, molds/plates, marketing materials, and all means for making them.

**COMPLAINT**

(c) Copyright Monetary Relief (17 U.S.C. § 504, § 505):

    i.  Plaintiff's actual damages and Defendant's profits attributable to the infringement, as permitted by § 504(b); or, at Plaintiff's election, statutory damages under § 504(c) for each registered work, enhanced for willful infringement; and

    ii.  Plaintiff's costs and reasonable attorneys' fees under § 505.

(d) Lanham Act Monetary Relief (15 U.S.C. § 1117(a)):

    iii.  Defendant's profit,

    iv.  Plaintiff's actual damages, including the reasonable cost of corrective advertising;

    v.  Costs of suit; and

    vi.  Enhanced damages and/or profits as the Court deems just in light of Defendant's willful misconduct, and a finding that this is an exceptional case warranting attorneys' fees.

(e) California UCL (Bus. & Prof. Code § 17200 et seq.): Restitution and other equitable monetary relief permitted by § 17203, and injunctive relief consistent with the foregoing.

(f) Pre-judgment and post-judgment interest at the maximum rates permitted by law.

(g) Such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted,

Dated:  May 11, 2026

**SHALCHI LAW PC**

By: */Ali Shalchi/*
    Ali Shalchi, Esq.
    Attorneys for Plaintiff
    NewWave Holdings LLC

**COMPLAINT**

- 13 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing

COMPLAINT FOR: COPYRIGHT INFRINGEMENT; FALSE DESIGNATION OF

ORIGIN / TRADE DRESS INFRINGEMENT; and UNFAIR COMPETITION (Cal. B&P

§17200) with the Clerk of the Court using the CM/ECF system which will send notification of

such filing via electronic mail to all counsel of record.


Dated:  May 11, 2026                                    **SHALCHI LAW PC**


By: */Ali Shalchi/*
    Ali Shalchi, Esq.
    Attorneys for Plaintiff
    NewWave Holdings LLC

**COMPLAINT**

- 14 -